**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ARTHUR WAKEFIELD, JR.,        :
                              :    Civil Action No. 05-2967 (WJM)
          Plaintiff,          :
                              :
     v.                       :         O P I N I O N
                              :
TERRANCE MOORE, et al.,       :
                              :
          Defendants.         :
```

**APPEARANCES:**

    ARTHUR WAKEFIELD, JR., Plaintiff pro se
    24 J. Lincoln Place
    North Brunswick, New Jersey  08314

**MARTINI**, District Judge

This matter comes before the Court upon pro se Plaintiff, Arthur Wakefield, Jr.'s ("Wakefield") civil rights complaint, under 42 U.S.C. § 1983 and other federal statutes, seeking monetary damages in recompense for allegedly "being held hostage as a modern day slave in involuntary servitude" while he was in prison.  Wakefield also submits an application to proceed in forma pauperis ("IFP").

### I.   BACKGROUND

Wakefield has a long history of filing complaints with in forma pauperis applications in the District of New Jersey.[1]

---

[1]  In deciding whether a complaint is frivolous or malicious, the Court may take judicial notice of its own records.  Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Since 1984, Wakefield has filed more than 50 civil actions in this district.  On December 27, 1994, the Honorable Anne E. Thompson, U.S.D.J., then Chief Judge for the District of New Jersey, entered an Order against Wakefield in Civil Action No. 94-6302 (AET), which precludes Wakefield from filing further actions under 42 U.S.C. § 1983 without leave of court.

On June 9, 2005, this Court received Wakefield's complaint for remedies under 42 U.S.C. § 1983, and other various federal statutes.  The Complaint and IFP application are signed and dated by Wakefield on May 30, 2005.  His complaint lodges claims of conspiracy and cruel and unusual punishment against seven prison officials for allegedly holding Wakefield in prison beyond his maximum term and for holding him "hostage as a modern day slave in involuntary servitude."  He alleges the dates these unlawful actions occurred as June 18, 2002, July 3, 2002, August 8, 2002, October 31, 2002, January 3, 2003, and April 15, 2003.

## II.  ANALYSIS

Based on Wakefield's allegations, it appears on the face of the Complaint that his action is time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation

omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 12 Fed. Appx. 855 (10th Cir. 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.) (same); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (same).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. STAT. ANN. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

Here, the statute of limitations began to run, at the latest, when the last alleged incident occurred on April 15, 2003. See Sameric Corp. of Delaware v. City of Philadelphia, 142

3

F.3d 582, 599 (3d Cir. 1998) (a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based).  This Complaint was received by the Court on or about June 9, 2005, after Wakefield's the two-year statute of limitations had expired.  Therefore, any potential § 1983 claim based on this event is time-barred.

Moreover, Wakefield has not asserted facts suggesting any basis for statutory tolling.  See, e.g., N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (N.J. Super. App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, the Complaint alleges no extraordinary circumstances that would permit equitable tolling under either New Jersey or federal law.  There are no allegations that Wakefield was unaware of his rights in 2002 and 2003, nor are there any allegations that defendants prevented Wakefield in any way from timely filing his Complaint.  Indeed, as mentioned above, Wakefield has filed more than 50 actions in the District of New Jersey.  It is plain from his repetitive and litigious nature as demonstrated by his numerous filings, that Wakefield can not allege any extraordinary circumstance to permit equitable tolling.[2]  Therefore, because it

---

[2] It is also unlikely that Wakefield could argue the application of the discovery rule to toll the accrual date of his action.  Under New Jersey law, the discovery rule provides that "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." Freeman, 347 N.J. Super. at 29 (2002) (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)).  Here,

is clear on the face of the Complaint that this action by Wakefield is time-barred, and no extraordinary circumstances are alleged to warrant equitable tolling, the Complaint should be dismissed with prejudice as untimely.[3]

Nevertheless, because Wakefield is subject to an Order in the District of New Jersey that precludes him from filing an action under 42 U.S.C. § 1983 without first obtaining leave of court, this Court, having considered the Complaint and finding it to be time-barred, will deny Wakefield leave to file the Complaint. The Clerk of the Court will be directed to close the file without assessing any fees or costs.

---

Wakefield "must show that [he] could not, through reasonable diligence and intelligence, have discovered a basis for [his] claim[s] *within* the applicable limitation period." Freeman, 347 N.J. Super. at 29 (citing Lapka v. Porter Hayden Co., 162 N.J. 545, 556 (2000). (Emphasis added).

Wakefield asserts specific dates for the alleged civil rights violations. Thus, he can be attributed with the knowledge and awareness that his civil rights may have been violated at those time. Accordingly, the discovery rule would not apply to toll accrual of his cause of action.

[3] The Court notes, alternatively, that the claims advanced by Wakefield sound in fantastical and delusional terms. Without any factual support, Wakefield alleges that he was being held "hostage" like a "slave", and that the defendants' actions were motivated by discriminatory animus and "jim crow bigotry". Wakefield was a convicted state felon serving a prison term at East Jersey State Prison. His state court conviction has not been overturned or reversed on direct or collateral review in either the state courts or in this federal court, where he has filed several federal habeas petitions. For this reason, the Court would alternatively deny Wakefield leave to file his Complaint because it is frivolous, malicious, and fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons stated above, Wakefield is denied leave to file his Complaint, pursuant to the December 27, 1994 Order against Wakefield in Civil Action No. 94-6302 (AET), which precludes him from filing further actions under 42 U.S.C. § 1983 without leave of court.  The Clerk will be directed to close the file without assessing any fees or costs.  An appropriate Order to this effect follows.

                                        s/William J. Martini

                                        _____
                                        WILLIAM J. MARTINI
                                        United States District Judge

Dated: 10/05/05