**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR WAKEFIELD, JR.,              :
                                    :       Civil Action No. 05-2967 (WJM)
          Plaintiff,                :
                                    :
     v.                             :       **O P I N I O N**
                                    :
TERRANCE MOORE, et al.,             :
                                    :
          Defendants.               :

**APPEARANCES:**

    ARTHUR WAKEFIELD, JR., Plaintiff pro se
    24 J. Lincoln Place
    North Brunswick, New Jersey  08314

**MARTINI**, District Judge

This matter comes before the Court upon pro se Plaintiff's, Arthur Wakefield, Jr. ("Wakefield") motion to vacate this Court's October 5, 2005 Opinion and Order denying Wakefield leave to file his Complaint because it is plainly time-barred and frivolous. Wakefield submitted this motion January 6, 2006.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is denied.

**I.  BACKGROUND**

On June 9, 2005, Wakefield filed a civil rights complaint under 42 U.S.C. § 1983 and other federal statutes, seeking monetary damages in recompense for allegedly "being held hostage

as a modern day slave in involuntary servitude" while he was serving a prison term pursuant to a valid state court judgment of conviction.  On October 5, 2005, this Court filed an Opinion and Order denying Wakefield leave to file his Complaint pursuant to a December 27, 1994 Preclusion Order because it was plain from the face of the Complaint that the action was time-barred and frivolous.

On December 13, 2005, Wakefield filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit. On January 9, 2006, the Third Circuit entered an Order dismissing the appeal, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, because Wakefield agreed to a voluntary dismissal.  Contemporaneously with this dismissal, on or about January 6, 2006, Wakefield filed this motion to vacate the October 5, 2005 Opinion and Order.

In his motion, Wakefield contends that the preclusion order of December 27, 1994 is (1) unconstitutional because it denies him due process, (2) null and void after more than ten years, and (3) applies only to prisoners.  Wakefield, at the time he submitted his Complaint for filing, had been released from prison.  The Court will construe plaintiff's motion to vacate the October 5, 2005 Opinion and Order as a motion for reconsideration.

2

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

4

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Wakefield does not show that this Court "overlooked" any of the above listed points.  Instead, Wakefield is arguing that the premise of the Court's judgment, *i.e.*, the December 27, 1994 preclusion order, is unconstitutional, null and void after more than ten years, and inapplicable to non-prisoners.

5

Even if this Court were to find that the preclusion order is no longer valid, Wakefield cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. The Complaint is still time-barred and asserts frivolous claims for relief.

Thus, Wakefield's only recourse, if he disagrees with this Court's decision, is via the normal appellate process. He filed a notice of appeal from this Court's October 5, 2005 decision, but agreed to voluntarily dismiss same on January 9, 2006. Therefore, Wakefield may not use a motion to vacate or a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons expressed above, Wakefield's motion for reconsideration will be denied. An appropriate Order follows.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated: 2/17/06